IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHERRY TATE, | ) |
|                 Plaintiff, | ) |
| v. | ) No. 08-C-5261 |
| ILLINOIS WORKER'S COMPENSATION COMMISSION, | ) Hon. Joan H. Lefkow |
|                 Defendant. | ) |

**OPINION AND ORDER**

Sherry Tate ("Tate"), appearing *pro se*, brought suit against her employer, the Illinois Worker's Compensation Commission ("IWCC"), alleging that IWCC discriminated against her on the basis of her disability and retaliated against her in violation of the Americans with Disabilities Act ("ADA"), as codified at 42 U.S.C. § 12101 *et seq.* (2006).[1] Tate also brings a defamation claim against IWCC. IWCC moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the following reasons, IWCC's motion [#27] is granted in part and denied in part.

**FACTS**

Tate has been employed by IWCC at least since November 2005. On November 2, 2005, she alleges she suffered a work-related injury due to repetitive motion. On February 2, 2006, Tate was diagnosed with Carpal Tunnel Syndrome ("CTS"). As a result of the CTS, Tate

---

[1] The ADA was significantly amended, effective January 1, 2009. *See* ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553 (2008). As Congress did not express its intent that these amendments be retroactive and Tate's initial complaint was filed prior to January 1, 2009, the law in place prior to these amendments applies to this case. *See Fredricksen* v. *United Parcel Serv., Co.*, 581 F.3d 516, 521 n.1 (7th Cir. 2009).

sometimes wears hand splints when performing repetitive tasks, but otherwise, she does not wear them and is able to perform her job the same as before her injury. Tate alleges she reported her CTS diagnosis to IWCC, and that thereafter, beginning around May 16, 2006, IWCC treated her disparately by failing to promote her and by "creating methods [and] techniques that were not part of the union contract" because IWCC believed her disability was worse than it actually was. Am. Compl. at 6. Lastly, Tate alleges IWCC gave false documents to a third party, causing her mental anguish.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). For the purposes of a Rule 12(b)(6) motion, the court takes as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences in plaintiff's favor. *Jackson* v. *E.J. Brach Corp.,* 176 F.3d 971, 977 (7th Cir. 1999). Factual allegations must, however, be enough to "raise a right to relief above the speculative level." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)); *see also Ashcroft* v. *Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009) ("*Twombly* expounded the pleading standard for all civil actions.") (citations omitted) (internal quotation marks omitted). Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

2

(citations omitted). A complaint filed *pro se*, however, is to be "liberally construed." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (citations omitted) (internal quotation marks omitted). It must, however, still "provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc.* v. *AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).

## ANALYSIS

In order to state a proper claim under the ADA, Tate must allege that she has a "disability" within the meaning of the statute and that her employer discriminated against her because of that disability. The ADA defines someone as disabled when they (1) have "a physical or mental impairment that substantially limits one or more major life activities;" (2) have "a record of such an impairment;" or (3) are "regarded as having such an impairment." 42 U.S.C. § 12102(2). The EEOC has interpreted "substantially limits" to mean

(i) Unable to perform a major life activity that the average person in the general population can perform; or

(ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the average person in the general population can perform that same major life activity.

29 C.F.R. § 1630(j)(1) (2009).[2] A plaintiff claiming to be substantially limited in the major life activity of working must allege that she is "'significantly restricted in the ability to perform

---

[2] The EEOC regulations are "not binding on this court, [but] such administrative interpretations 'do constitute a body of experience and informed judgment to which courts and litigants may properly resort to guidance.'" *O'Neal* v. *City of New Albany*, 293 F.3d 998, 1009 (7th Cir. 2002) (quoting *Meritor Sav. Bank, FSB* v. *Vinson*, 477 U.S. 57, 65, 106 S. Ct. 2399, 91 L. Ed. 2d 49 (1986)).

3

either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.'" *Kupstas* v. *City of Greenwood*, 398 F.3d 609, 612 (quoting 29 C.F.R. §1630.2(j)(3)(i)). The injury must not merely preclude an employee from a particular job or a narrow range of jobs, but rather must limit employment generally. *Id.* at 613.

Tate alleges that she was diagnosed with CTS describing it as a "permanent disability." Although she alleges that she at times must wear hand splints to perform repetitive tasks, she admits in her complaint that she otherwise does not need them and can complete her work "the same as before [she] was injured."[3] Am. Compl. at 6. Even construing Tate's pleadings liberally, Tate has not adequately alleged that she has a physical or mental impairment that substantially limits a major life activity. "Given [the] large potential differences in the severity and duration of the effects of carpal tunnel syndrome, an individual's carpal tunnel syndrome diagnosis, on its own, does not indicate whether the individual has a disability within the meaning of the ADA." *Toyota Motor Mfg., Ky., Inc.* v. *Williams*, 534 U.S. 184, 199, 122 S. Ct. 681, 151 L. Ed. 2d 615 (2002). Tate's admission that she is generally able to complete her work as she did before her injury similarly negates any claim that she is substantially limited in her ability to work and thus disabled under the first prong of the ADA definition.

Tate has, however, sufficiently alleged that IWCC regarded her as having a disability. To state a claim under the "regarded as" prong, Tate must allege that "(1) the employer mistakenly believes that the employee has an impairment that substantially limits a major life

---

[3] In Tate's Response to IWCC's Motion to Dismiss, she alleges that she "now has limited ability to do major life activity and repetitive motion." Pl.'s Resp. at 5. Tate may not amend her complaint by way of arguments made in her response brief. *See Harrell* v. *United States*, 13 F.3d 232, 236 (7th Cir. 1993). Tate also attached documents to her Response indicating that she requires assistance cleaning and doing laundry. *See* Pl.'s Resp. Ex. L. The court, however, will not consider these documents as they are outside of the pleadings. *See* Fed. R. Civ. Pro. 12(d).

4

activity, or (2) the employer mistakenly believes that an existing impairment that is not really limiting does substantially limit a major life activity." *Cassimy* v. *Bd. of Educ. of Rockford Pub. Sch., Dist. No. 205*, 461 F.3d 932, 937 (7th Cir. 2006) (citing *Nese* v. *Julian Nordic Constr. Co.*, 405 F.3d 638, 641 (7th Cir. 2005)). Tate alleges that IWCC "treated [her] disparately because they perceived [her] disability to be worse than it was" and so failed to promote her even though she is "able to complete [her] work the same as before [she] was injured." Am. Compl. at 6. Construing the pleadings liberally, Tate sufficiently alleges that IWCC mistakenly believed that Tate's CTS substantially limited her ability to perform a major life activity, working.

Tate further claims that IWCC retaliated against her after she reported her disability. The anti-retaliation provision of the ADA provides that "[n]o person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). In other words, Tate must allege that she engaged in a protected activity and an adverse employment action occurred because of her engagement in that activity. *See Casna* v. *City of Loves Park*, 574 F.3d 420, 426-27 (7th Cir. 2009); *Squibb* v. *Mem'l Med. Ctr.*, 497 F.3d 775, 786, 788 (7th Cir. 2007). Additionally, complaints "alleging illegal retaliation on account of protected conduct must provide some specific description of that conduct beyond the mere fact that it is protected." *E.E.O.C.* v. *Concentra Health Servs., Inc.*, 496 F.3d 773, 781 (7th Cir. 2007).[4] Tate's allegation that she was treated "disparately" after she reported her injury is insufficient to state a proper claim because the ADA only prohibits retaliation for actions taken

---

[4] Although *Concentra Health Services, Inc.* is a Title VII case, courts generally look to Title VII retaliation cases for guidance in deciding retaliation cases under the ADA. *See Casna*, 574 F.3d at 427.

to oppose disability discrimination or requests for reasonable accommodation. *See* 42 U.S.C. § 12203(a); *E.E.O.C.* v. *Sears, Roebuck & Co.*, 417 F.3d 789, 803-04 (7th Cir. 2005) ("The ADA imposes on an employee the initial duty to inform the employer . . . that she has a disability and desires an accommodation." (citations omitted) (internal quotation marks omitted)); *Wilcox* v. *Am. Stores*, No. 01 C 2138, 2002 WL 31654938, at *9 (N.D. Ill. Nov. 22, 2002) (assuming that requesting reasonable accommodations is a protected activity under the ADA); *Manning* v. *Tacoma Pub. Sch.*, No. C06-5078 RBL, 2007 WL 2495138, at *13 (W.D. Wash. Aug. 30, 2007) (finding that while requesting reasonable accommodation is a protected activity under the ADA, "merely informing an employer about an alleged disability" and filing an EEOC complaint is not); *Grazioli* v. *Genuine Parts Co.*, 409 F. Supp. 2d 569, 584 (D.N.J. 2005) (plaintiff did not engage in protected conduct because she only informed her employer about her Chronic Obstructive Pulmonary Disease diagnosis but did not allege that she requested accommodation). Because Tate did not allege that she engaged in protected conduct, her retaliation claim must fail.

Lastly, Tate makes a claim for defamation. This claim fails because Tate did not plead any facts or circumstances that could possibly lead to a defamation claim. A defamation claim "must specifically set forth the words alleged to be actionable." *Robinson* v. *Morgan Stanley*, No. 06 C 5158, 2007 WL 2815839, at *7 (N.D. Ill. Sept. 24, 2007) (citing *Johnson* v. *Joliet Junior Coll.*, No. 06 C 5086, 2007 WL 1119215, at *3 (N.D. Ill. Apr. 10, 2007)). A plaintiff must "plead the specific words alleged to be actionable [because] knowledge of the exact language used is necessary to form responsive pleadings." *Woodard* v. *Am. Family Mut. Ins. Co.*, 950 F. Supp. 1382, 1388 (N.D. Ill. 1997). Tate's pleadings do not contain any specific words alleged to be defamatory and the statement that IWCC "gave false documents to a third

party" is insufficient to raise a plausible claim. Tate's defamation claim must therefore be dismissed.

## **CONCLUSION AND ORDER**

For the foregoing reasons, IWCC's motion to dismiss [#27] is granted in part and denied in part. Tate's retaliation and defamation claims are dismissed. IWCC has 14 days to answer Tate's remaining discrimination claim.

Dated: April 6, 2010   Enter: _____

JOAN HUMPHREY LEFKOW
United States District Judge

7